**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10196

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

ROBERT TODD BADGETT

Defendant-Appellant

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CR-327-1-H)
December 22, 1997

Before JOLLY, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Appellant, Robert Todd Badgett ("Badgett"), pled guilty to
bank robbery; 18 U.S.C. § 2113(a). After adjustments under the
sentencing guidelines, his base offense level was 19 which produced
a sentencing range of 33-41 months imprisonment. Badgett moved
for downward departure under U.S.S.G. § 5K2.0 which allows the
sentencing court to consider mitigating circumstances not
adequately considered by the Guidelines. Badgett argued that his

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unusual progress during pretrial release toward rehabilitation from drug and alcohol abuse entitled him to a downward departure. In denying Badgett's motion, the district court after acknowledging that Badgett had made unusual progress, stated that:

> granting the 5K2, considering the nature of the crime here for which the statutory maximum is twenty years . . . would be sending the wrong message from this Court. In light of the authorities, I doubt my authority to do so, and so I decide in favor of not granting it.

Based upon our review of the record, we understand the district judge to mean that he doubted whether he had the authority to depart downwardly based upon unusual progress toward rehabilitation but that even if he did, he would not do so because a lighter sentence would send the wrong message considering the maxium possible sentence.

The trial judge noted that this court has not spoken to whether unusual progress toward rehabilitation was a factor which could be considered as a ground for downward departure. He noted a split among the Circuits which had addressed the issue. The Supreme Court has given guidance in Koon v. United States, 116 S. Ct. 2035 (1996), and since that decision, several Circuits which had determined that this was not an adequate ground for departure have reversed their positions, although a split remains. Although the trial judge may have been in error for thinking that he did not have the authority to depart downwardly, any error is harmless. The judge stated that he would not downwardly depart if he had the

2

authority to do so and gave his reason therefor.  Such a decision is entirely within his discretion; therefore, we AFFIRM.